IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO THOMAS AZAMA,

    Petitioner,                   No. 2:11-cv-0684 WBS JFM (HC)

    vs.

M. MARTEL,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2009, petitioner was convicted of second degree robbery, carjacking, and vehicle theft, all with personal use of a handgun.[1] Petitioner was sentenced to twenty-three years and eight months in state prison. Petitioner claims there was insufficient evidence that he used a handgun to support that true finding and the enhancements to his sentence that were therefore imposed. Respondent contends that the claim is procedurally barred and, in the alternative, that the state court's rejection of the claim was objectively reasonable.

---

[1] Petitioner was also convicted of receiving stolen property; that conviction was reversed on appeal. See People v. Azama, No. C061156 (Apr 1, 2010), slip op. at 2, a copy of which was lodged in this record on May 9, 2011 as Lodged Document No. 5.

1

FACTS[2]

*The Gallegos robbery*

On August 12, 2007, at approximately 11:00 p.m., Miguel Gallegos pulled into an Arco gas station on 16th Street and W Street in Sacramento with his wife Lydia and their two-year-old son. While Gallegos sat in the driver's seat, Lydia began pumping gas and sat next to their son in the driver's side back seat.

As they waited for the gas to finish pumping, [petitioner] approached the vehicle, lifted his shirt, and pulled out a black revolver. [Petitioner] walked over to the driver's side window and Gallegos, who was familiar with guns, heard what "sounded like it was somebody pulling the hammer back." As [petitioner] pointed the gun at the driver's side of the vehicle, the gun struck the door panel, making a noise that sounded like "metal hitting metal." Gallegos looked down and saw that the gun was "very clearly a revolver." He was "100 percent sure that [it] was a gun" and believed that it was a ".45-caliber revolver." [Petitioner] then said, "[D]id you hear what I just cocked back, my nigga?"

When Gallegos told [petitioner] that he did not have a wallet, just the ATM card he was holding, [petitioner] reached across the vehicle and grabbed Lydia's purse. Believing that her husband was going to die, Lydia began crying. [Petitioner] responded, "[W]hat, bitch, I will fucking kill you." Before running away, [petitioner] told Gallegos to put his ATM card in Lydia's purse, reached into the car and turned off the ignition, grabbed Gallegos's keys, and slammed the keys into the purse.

*The Ryan robbery and carjacking*

Later that night, at 3:00 a.m., Richard Ryan pulled into the same Arco gas station. As he finished pumping gas, Ryan saw [petitioner] standing in front of him point a black gun.

[Petitioner] directed Ryan to empty his pockets and surrender his keys. Believing that the gun was real because [petitioner] "approached [him] with a gun [and] said things to [him] and acted in a manner to make [him] think it was a real gun," Ryan complied. He gave [petitioner] his keys, driver's license, credit cards, and money. [Petitioner] then told Ryan to run away and drove off in Ryan's 1994 Nissan Altima.

---

[2] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal, a copy of which was lodged in the record on May 9, 2011 as Lodged Document 5.


*Defense*

> [Petitioner] testified on his own behalf. While he admitted committing both crimes, he claimed the weapon he used on each occasion was actually a "cigarette lighter" that "kind of looks like a gun." According to [petitioner], the lighter was 12 to 13 inches long, dark gray, and made of metal. To operate the lighter, "you just cock the thing back [referring to the hammer] and a lighter comes out of the front." [Petitioner' was not sure what happened to the lighter, but thought he may have left it in a drug house.

People v. Azama, slip op. at 2-4.

## ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ

3

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted).

The court looks to the last reasoned state court decision as the basis for the state court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claim

Petitioner claims there was insufficient evidence to support the finding that he used a handgun in the commitment of the offenses.  The last reasoned state court decision on this claim is the decision of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal, which rejected the claim as follows:

> [Petitioner] claims that there is insufficient evidence to support the jury's findings that he used a firearm in committing the substantive offenses.  The standard of appellate review is well settled:  We must "review the whole record in the light most favorable to the judgment below . . . – that is, evidence which is reasonable, credible, and of sold value – such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)  We do not reweigh conflicting evidence or evaluate the credibility of witnesses.  "'[I]t is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts. . . ." (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)  Simply put, "[a]n appellate court must accept logical inferences that the jury might have drawn from the evidence even if the court would have concluded otherwise." (*People v. Combs* (2004) 34 Cal.4th 821, 849, citing *People v. Rodriquez* (1999) 20 Cal.4th 1, 11.)

/////

4

> In this case, substantial evidence supports the jury's findings that [petitioner] used a genuine firearm in committing the substantive offenses. In both robberies, [petitioner] displayed an object that several witnesses described as a gun. Miguel Gallegos testified that he was "100 percent sure" the object in [petitioner]'s hand was a real firearm. Gallegos said it was "very clearly a revolver" and appeared to be a .45-caliber weapon. It also made a "metal hitting metal" sound when it struck against the vehicle's door panel. Gallegos's wife also believed that [petitioner] displayed a gun, estimating that it was 11 or 12 inches long.
>
> [Petitioner]'s words and actions provided additional circumstantial evidence to support the witnesses' direct testimony. During the robbery, [petitioner] pulled the hammer of the gun back and asked Gallegos, "[D]id you hear what I just cocked back, my nigga?" [Petitioner] also threatened to kill his wife when she began crying.
>
> There was also sufficient evidence that [petitioner] used a gun to rob Ryan. The Ryan robbery occurred only a short time after the Gallegos robbery at the same location. Ryan testified that "the whole gun was black" and that he could see the entire barrel. [Petitioner]'s former girlfriend testified that he possessed a revolved in July 2007.
>
> [Petitioner], however, contends that his "testimony did set up a reasonable inference which the prosecution failed adequately to disprove." Essentially, he asserts that since both his testimony and that of the prosecution witnesses gave rise to equally reasonable inferences, we must draw the inference most favorable to the defense.
>
> [Petitioner] fundamentally misunderstands the scope of review. Although the jury was entitled to reach a different verdict had it believed [petitioner]'s testimony, we have no power to disturb the jury's resolution of conflicting testimony.
>
> . . . .
>
> In this case, one witness testified he was "100 percent" certain that [petitioner] displayed a revolver and other witnesses testified that the object displayed attributes consistent with it being a real gun. This testimony, coupled with [petitioner]'s words and conduct during the robberies, provided abundant evidence to support the jury's finding that [petitioner] used a gun rather than a cigarette lighter to rob his victims.

People v. Azama, slip op. at 4-7.

/////

When a challenge is brought alleging insufficient evidence, federal habeas corpus relief is available if it is found that upon the record evidence adduced at trial, viewed in the light more favorable to the prosecution, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under Jackson, the court must review the entire record when the sufficiency of the evidence is challenged on habeas. Adamson v. Ricketts, 758 F.2d 441, 448 n.11 (9th Cir. 1985), vacated on other grounds, 789 F.2d 722 (9th Cir. 1986) (en banc), rev'd, 483 U.S. 1 (1987). It is the province of the jury to 'resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. 307, 319. "The question is not whether we are personally convinced beyond a reasonable doubt. It is whether rational jurors could reach the conclusion that these jurors reached." Roehler v. Borg, 945 F.2d 303, 306 (9th Cir. 1991). Under Jackson, the federal habeas court determines sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. Jackson, 443 U.S. 307, 324 n.16.

The state court's conclusion that there was sufficient evidence to support the finding that petitioner personally used a handgun while committing the other offenses is congruent with the foregoing standards of United States Supreme Court precedent and fully supported by the factual record. A fortiori, the state court's decision was neither contrary to nor an unreasonable application of clearly established United States Supreme Court jurisprudence, nor was it based on an unreasonable determination of the facts. For that reason, petitioner is not entitled to federal habeas corpus relief.[3]

---

[3] Respondent also contends that the claim is procedurally barred because, on habeas corpus, the California Supreme Court rejected the claim with, inter alia, citation to In re Lindley, 29 Cal.2d 709 (1947), a case which stands for the proposition that insufficiency of evidence claims must be raised on direct appeal and not in habeas corpus actions. Respondent is correct that a citation to In re Lindley can raise a procedural bar sufficient to prevent federal court review of the merits of a claim. See Carter v. Giurbino, 385 F.3d 1194, 1198 (9th Cir. 2004). Here, however, the state supreme court also denied the petition with a citation to In re Waltreus, 62 Cal. 2d 218, 225 (1965). See Lodged Document 7. "Waltreus holds that issues actually raised

1         Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United
2 States District Courts, "[t]he district court must issue or a deny a certificate of appealability when
3 it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of
4 appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial
5 showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either
6 issue a certificate of appealability indicating which issues satisfy the required showing or must
7 state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons
8 set forth in these findings and recommendations, petitioner has not made a substantial showing of
9 the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

        For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

        1. Petitioner's application for a writ of habeas corpus be denied; and

        2. The district court decline to issue a certificate of appealability.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

---

and rejected on appeal cannot be raised anew in a state petition for writ of habeas corpus. Waltreus, 42 Cal.Rptr. 9, 397 P.2d at 1005. A Waltreus denial is neither a ruling of procedural default nor a ruling on the merits. Waltreus merely bars relitigation in state habeas proceedings of claims already litigated on direct appeal." Carter, at 1198. In Carter, the United States Court of Appeals for the Ninth Circuit stated that "[i]f the claim barred from relitigation by Waltreus has already been decided by the California Supreme Court, that claim is properly exhausted for federal habeas corpus review. Thus, a citation to Waltreus does not prevent federal habeas review." Id. Here, petitioner did not raise his sufficiency of evidence claim in the California Supreme Court on direct review. However, given the California Supreme Court's citation to both Waltreus and Lindley, the application of Carter to this case is not straightforward. Where, as here, the claim plainly lacks merit the court may pass on complex procedural issues and deny the claim on the merits. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 12, 2012.

                                           UNITED STATES MAGISTRATE JUDGE

12
azam0684.157